

# SUPREME COURT OF ARKANSAS

No. CR-13-294

|  |  |
|---|---|
| | **Opinion Delivered** April 10, 2014 |
| SHARVELT MARQUETTE MISTER<br>APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NOS. CR-2000-1053, CR-2001-238/239, CR-2007-953/969E] |
| V. | |
| | HONORABLE STEPHEN MERRILL TABOR, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | <u>REBRIEFING ORDERED</u>. |

## PER CURIAM

After the circuit court revoked appellant Sharvelt Marquette Mister's suspended sentences for controlled-substance convictions, the court sentenced him to a total of 57 years' imprisonment. The Arkansas Court of Appeals affirmed the circuit court's decision. *Mister v. State*, 2012 Ark. App. 375. Following the affirmance, Mister filed with the circuit court a petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. After a hearing, the circuit court denied the petition, and Mister now appeals. Because Mister's brief does not comply with Arkansas Supreme Court Rules 4–2(a)(5) and (8) (2013), we are unable to reach the merits of Mister's appeal. Accordingly, we order rebriefing.

For his first claim of ineffective assistance of counsel, Mister argues that, even though the State had indicated on two plea offers made to him that he had a sentencing exposure of 117 years' imprisonment, he "did not understand," that his trial counsel "never explained to

SLIP OPINION

him the extent of his exposure or how the State determined the exposure was 117 years," and that his trial counsel "could not explain it to appellant since he did not understand." Mister asserts that had he been aware of the extent of his exposure to 117 years' imprisonment, he would have accepted one of the plea offers. Second, Mister asserts that trial counsel was ineffective because he misled him into believing that there had been a plea offer of 20 years, and that he relied on the misrepresentation, accepted the alleged plea offer, and expected to enter a plea on the day of the hearing instead of facing a trial. Mister alleges that his trial counsel "never told him he was going to trial and never prepared for trial."

Arkansas Supreme Court Rule 4–2(a)(8) provides that the "addendum shall contain true and legible copies of the non-transcript documents in the record on appeal that are essential" for this court "to confirm its jurisdiction, to understand the case, and to decide the issues on appeal." During the Rule 37.1 hearing, twenty-three exhibits related to the plea offers and other matters were introduced into evidence by the State. None of these exhibits were included in Mister's addendum (though the State provided a copy of one of these exhibits in its supplemental addendum). Also, the addendum does not include copies of the judgment and commitment order relating to the revocation or the judgment and commitment orders setting out appellant's sentencing exposure upon revocation, all of which are found in the record in *Mister v. State*, 2012 Ark. App. 375. Without having these items in the addendum, it is difficult to follow Mister's arguments; they must be included in the addendum.

Further, Arkansas Supreme Court Rule 4–2(a)(5) provides that "the appellant shall

create an abstract of the material parts of all the transcripts (stenographically reported material) in the record." Rule 4–2(a)(5) also provides that "[i]nformation in a transcript is material if the information is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal." Insofar as Mister argues that trial counsel's efforts at the revocation hearing were ineffective, an abstract of the revocation hearing is necessary, the transcript of which is found in the record in *Mister v. State*, 2012 Ark. App. 375.

Given the difficulty in assessing Mister's argument without these missing items, we order rebriefing. In accordance with Arkansas Supreme Court Rule 4-2(b)(3), Mister is directed to file with our clerk within fifteen days from the date of this per curiam a substituted abstract, addendum, and brief that complies with our rules. After service of the substituted brief, the State shall have an opportunity to file a responsive brief in the time prescribed by the Supreme Court Clerk, or to rely on the brief that was previously filed in this appeal. While we have noted the above-mentioned deficiencies, we encourage Mister's counsel to review our rules and the records to ensure that no additional deficiencies are present. Failure to timely correct the deficiencies may result in the judgment of the circuit court being affirmed for noncompliance with our rules. Ark. Sup. Ct. R. 4-2(c)(2).

Rebriefing ordered.

*Andrew Vess*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.